UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BRUNEAU,

      Plaintiff,

v.

CITY OF HILLSDALE, STEVE PRATT,
BRADLEY MARTIN, SHELBY RATHBUN,
DUSTIN ZIMMERMAN, and COREY DOW,
in their individual and official capacities,

      Defendants.

Case No. 1:18-CV-598

HON. GORDON J. QUIST

_____/

**OPINION**

Plaintiff, Joseph Bruneau, proceeding *pro se*, has sued the City of Hillsdale and several individuals who were police officers with the Hillsdale Police Department. Bruneau alleges that on September 4, 2014, the individual Defendants repeatedly tasered him while he was being treated at the Hillsdale Community Health Center. (ECF No. 1 at PageID.2–3.) Bruneau alleges that Defendants tasered him even though he was restrained, with his wrists and ankles strapped securely to the gurney. Bruneau makes the following claims: (1) under 42 U.S.C. § 1983 against the individual Defendants for using excessive force in violation of the Fourth Amendment; (2) against the City for liability under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018 (1978); and (3) state-law claims against the individual Defendants for gross negligence and assault and battery.

On June 5, 2018, the magistrate judge issued an order granting Bruneau leave to proceed *in forma pauperis*. (ECF No. 5.) Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from

such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to *in forma pauperis* proceedings"). The Court must read Bruneau's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992).

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). The court must accept all of the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69, 105 S. Ct. 1938, 1942–43 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* M.C.L. § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of is action. *Collyer*, 98 F.3d at 220.

Bruneau's complaint is untimely. Bruneau's § 1983 claims are based solely on conduct that occurred on September 4, 2014—more than three years prior to the date Bruneau filed his complaint. Bruneau knew or had reason to know of the harm done to him (use of excessive force) at the time it occurred. Moreover, it is well established that ignorance of the law does not warrant equitable tolling. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).

When a plaintiff's allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920–21 (2007). Accordingly, the Court will dismiss Bruneau's claims under 42 U.S.C. § 1983 for failure to state a claim. Bruneau's state-law claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

An Order consistent with this Opinion will be entered.


Dated: June 13, 2018                              /s/ Gordon J. Quist
                                                                         GORDON J. QUIST
                                                                 UNITED STATES DISTRICT JUDGE