UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BRUNEAU,

       Plaintiff,                      Case no:  1:18-cv-598

v.                                     Hon. Gordon J. Quist

CITY OF HILLSDALE,
STEVE PRATT,
BRADLEY MARTIN,
SHELBY RATHBUN,
DUSTIN ZIMMERMAN, and
COREY DOW,
       in their individual and
       official capacities,

       Defendants.

---

JOSEPH BRUNEAU, in pro per
5020 Carson Ave. SW
Grand Rapids, MI  49548
616-238-8558

ROGER A. SMITH  P27722
Vandeveer Garzia, P.C.
Counsel for Defendants
840 W. Long Lake Rd.,Ste. 600
Troy, MI  48098
248-312-2955   Fax 248-312-2800
rsmith@vgpclaw.com

---

**AFFIDAVIT OF ATTORNEY BETH A. ANDREWS**

State of Michigan )
              ) ss
County of Oakland)

Now comes Beth A. Andrews, having been duly sworn and having personal knowledge of the information set forth below, except that stated to be on information and belief, states as follows:

1.      I make this affidavit in response to plaintiff Joseph Bruneau's response to the defendants' motion to quash service of process.

2.      I am a duly licensed attorney and a member of the State Bar of Michigan with a bar number of P39263.

3.      I am employed by the law firm of Vandeveer Garzia, P.C.

4.      I assisted in the preparation of the motion to quash service of process in the above-captioned civil action.

5.      On August 27, 2018, I telephoned plaintiff Joseph Bruneau by dialing (616) 238-8558, which is the telephone number listed by him on his pleadings.

6.      A male answered and identified himself as Joseph Bruneau.

7.      I explained that the defendants were preparing to file a motion to quash his attempted service of process on them and that the court rules required us to first inquire whether he would concur in / agree to the relief requested in our motion, and that this was the purpose of my call.

8.      He responded by insisting that the defendants had been served.

1

9.     I responded that the defendants had not been properly served as required under the court rules.

10.    He then refused to agree that service had been improper and insisted again that the defendants had all been served because he had mailed pleadings to them.

12.    I then informed him that we would be filing our motion, and the conversation terminated.

13.    The issue of summonses was not mentioned by him or me.

14.    At no time did he mention or did we discuss any conversations he may have had with the U.S. District Court Clerk or anyone else about service of process.

15.    At no time did plaintiff Bruneau suggest to me that he regarded his mailings to the defendants as being informational-only or as anything other than full, proper and complete service of process.

16.    If called upon to testify about any of the above, I would be willing and could so competently testify in a court of law.

**BETH A. ANDREWS**

Subscribed and sworn to before me
this 19ᵗʰ day of September, 2018

TAMARA L. GAUTHIER-CECIL
Notary Public, Oakland County, Michigan
Acting in Oakland County
My comm. exp:  11-7-20

2