FILED - GR
May 1, 2019 9:33 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: kw   Scanned: /s/

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BRUNEAU

    Plaintiff,

v.

CITY OF HILLSDALE, STEVE PRATT,
BRADLEY MARTIN, SHELBY RATHBUN,
DUSTIN ZIMMERMAN, and COREY DOW,
in their individual and official capacities,

    Defendants.

CASE NO: 1:18-CV-598

HON: GORDON J. QUIST

*PLAINTIFF NOT OPPOSED TO DEFENSE REQUEST FOR ORAL ARGUMENT, IF GRANTED TO DEFENSE, PLAINTIFF REQUESTS IT AS WELL*

---

JOSEPH BRUNEAU, in pro per
5020 Carson Ave. SW
Grand Rapids, MI 49548
616-238-8558

ROGER A. SMITH P27722
Vandeveer Garzia, P.C.
Counsel for Defendants
840 W. Long Lake Road, Suite 600
Troy, MI 48098
248-312-2955 Fax 248-312-2800
rsmith@vgplaw.com

---

# MOTION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGEMENT BASED ON STATUTES OF LIMITATION

NOW COMES Plaintiff, JOSEPH BRUNEAU, pro se, and asks this Court to allow his claims based on a tolling of the applicable statutes of limitations on the basis of the insanity tolling provision of MCL 600.5851. Providing that the statute of limitations is tolled during the period in which a plaintiff is insane. In support of that motion, Plaintiff states:

1. In Part 5 of Defense Motion to Dismiss and/or for Summary Judgement, Defense states Plaintiff's state claim for assault and battery is barred under Michigan's 2 year statute of limitations, MCL 600.5805(3). Plaintiff's claim should be allowed because he was insane from the time of the incident through to the summer of 2017. Plaintiff filed his claim within one year of his returning to adequate mental functioning.

2. In Part 6 of Defense Motion to Dismiss and/or for Summary Judgement, Defense states Plaintiff's state claim for "gross negligence" is barred because Michigan does not recognize a state claim for gross negligence, which is nothing more than the standard of culpability required to assert certain claims in derogation of Michigan's governmental immunity statute, MCL 691.1407(2)(c), and not a separate cause of action. However, The Sixth Circuit has acknowledged that "Government employees can [] be held liable for gross negligence under Michigan tort law." *Wells v. City of Dearborn Heights*, 538 F. App'x 631, 641 (6th Cir. 2013) (citing Mich. Comp. Laws § 691.1407(2)(c)). Therefore, Plaintiff asks that his claim against Defendants for Gross Negligence be allowed. This, in Plaintiff's view, should apply to the officer who used the Taser device on the Plaintiff as well as any Defendant officers who witnessed/were aware of its use, but made no attempt to stop or dissuade the offending officer from doing so.

3. In part 7 of Defense Motion to Dismiss and/or for Summary Judgement, Defense states Plaintiff's federal claims against all defendants under 42 U.S.C. § 1983 are barred because claims under 42 U.S.C. § 1983 are subject to Michigan's 3 year statute of limitations set forth in MCL 600.5805(2). Plaintiff's claim should be allowed because he was insane from the time of the incident through to the summer of 2017. Plaintiff filed his claim May 29, 2018, within one year of his returning to adequate mental functioning.

